UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>GEORGE MICHAEL DEATRICK, Sheriff of Harrison County, )<br>Indiana (in his official capacity); HARRISON COUNTY BOARD )<br>OF COMMISSIONERS; and HARRISON COUNTY COUNCIL, )<br>)<br>  Defendants. )<br>) | Civil Action No.<br>4:09CV0028 DFH-WGH |

## CONSENT DECREE

This action was brought by the United States against George Michael Deatrick, Sheriff of Harrison County, Indiana (in his official capacity) (which the parties stipulate solely for purposes of this Decree is essentially a suit against the Harrison County Sheriff's Department and not against George Michael Deatrick individually), the Harrison County Board of Commissioners, and the Harrison County Council (collectively the "defendants"), to enforce the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq., as amended ("Title VII"). The Harrison County Board of Commissioners and the Harrison County Council are named as defendants pursuant to Rule 19(a) of the Federal Rules of Civil Procedure. In its complaint, the United States alleges that Sheriff George Michael Deatrick ("Sheriff") subjected Deana Decker, currently a Harrison County employee but no longer an employee in the Harrison County Sheriff's Department ("HCSD") and Melissa Graham, a former employee in the HCSD, to sexual harassment and retaliation in violation of §§ 703(a)(1) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a) and 2000e-3(a). Defendants expressly deny any civil or criminal wrongdoing or liability or that they discriminated against Deanna Decker or Melissa Graham in violation of Title VII.

The parties, desiring to settle this action, agree to the jurisdiction of this Court over them and the subject matter of this action, and hereby waive the entry of findings of fact and conclusions of law. The parties, desiring to avoid protracted and unnecessary litigation, also accept this Consent Decree ("Decree") as final on the issues resolved in this Decree and on the issues raised in the Complaint filed by the United States. This Decree, being entered with the consent of the parties, shall not constitute an admission, adjudication or finding on the merits of this action.

In resolution of this action, the parties hereby AGREE and the Court expressly APPROVES, ENTERS and ORDERS the following:

**I.   PURPOSES OF THE DECREE**

    A.    The purposes of this Decree are to ensure that:

        i.    female employees in the HCSD are not subjected to sex discrimination;[1]

        ii.    female employees in the HCSD are not retaliated against or in any respect adversely affected for opposing employment practices that they reasonably believe are discriminatory, filing a complaint[2] alleging discriminatory employment practices, or cooperating with the investigation of any such complaint;

        iii.    complaints of sex discrimination and/or retaliation filed by female employees in the HCSD are investigated fairly and promptly by the Equal Employment Opportunity Monitor to be appointed pursuant to this Decree;

        iv.    the Sheriff takes prompt and effective steps to remedy and prevent acts of sex discrimination and retaliation against female employees in the HCSD; and

        v.    the Sheriff takes appropriate disciplinary action, up to and including termination, against employees in the HCSD who engage in acts of sex discrimination and/or retaliation against female employees in the HCSD

---

[1] The term "sex discrimination" in this Decree includes sexual harassment.

[2] The term "complaint" in this Decree includes a charge.

and supervisors in the HCSD who engage in such conduct, or who fail promptly to report or to take action to prevent such conduct from occurring among employees under their supervision.

**II. SPECIFIC RELIEF FOR INDIVIDUALS**

A. In the matter of individual relief for Deana Decker and Melissa Graham, the monetary relief of $375,500 enumerated in the settlement of *Decker and Graham* v. *Harrison County, et al.*, C.A. No. 4:08-cv-00088 (S.D. Indiana), upon payment, is in full satisfaction of the monetary claims sought in this action. Further, upon proof of that payment, the claims for monetary relief sought on behalf of Deana Decker and Melissa Graham in this action shall be considered resolved and the United States will not pursue any additional monetary relief for either Decker and Graham in this action. Copies of the releases for Ms. Decker and Ms. Graham for purposes of settling this lawsuit are attached as Exhibits A and B.

B. Defendants shall provide documentary evidence of having paid Decker and Graham by mailing a photocopy of the checks evidencing payment together with proof of payments to the following address within twenty one days of payment to Decker and Graham:

> Jay D. Adelstein, Esq.
> United States Department of Justice
> 950 Pennsylvania Ave., NW
> Civil Rights Division
> Employment Litigation Section, PHB, Room 4026
> Washington, DC 20530

C. Defendants shall not provide negative employment references for Decker or Graham to any future prospective employer that inquires about their employment in the HCSD. In addition, defendants shall not refer in any way to Decker's or Graham's filing of complaints of sex discrimination or this lawsuit when communicating with prospective employers seeking a reference for Decker or Graham. If a reference is requested for Decker or Graham by a prospective employer, the Sheriff shall only confirm the length of employment, past salary history, the fact that they received satisfactory ratings, and that they are eligible for rehire.

E. If Decker and/or Graham seek employment in the HCSD in the future, the Sheriff shall consider them on the same non-discriminatory and non-retaliatory basis as the Sheriff is required by law to consider any other individual.

### III. GENERAL INJUNCTIVE RELIEF

A. The Sheriff, the Sheriff's agents and all individuals in active concert or participation with the Sheriff, are enjoined from:

    i. subjecting any female employee in the HCSD to sex discrimination;

    ii. creating, facilitating, or tolerating the existence of a work environment that is sexually hostile to any female employee in the HCSD;

    iii. retaliating in any way against or in any respect adversely affecting any female employee in the HCSD because that individual has opposed employment practices that the individual reasonably believes are discriminatory, filed a complaint alleging discriminatory employment practices, or cooperated with the investigation of any such complaint;

    iv. failing to take appropriate disciplinary action against employees in the HCSD who engage in acts of sex discrimination and/or retaliation against female employees in the HCSD, and supervisors in the HCSD who engage in such conduct, or who fail promptly to report such conduct or to take action to prevent such conduct from occurring among employees under their supervision;

    v. instituting internal investigations or taking disciplinary action against employees in the HCSD, in whole or in part, because of the sex of the employee or in retaliation against the employee for opposing employment practices that the employee reasonably believes are discriminatory, filing a complaint alleging discriminatory employment practices, or cooperating with the investigation of any such complaint; and

    vi. failing to take prompt and effective steps to remedy and prevent conduct committed by employees in the HCSD that constitutes sex discrimination or retaliation against female employees in the HCSD.

IV.     **EQUAL EMPLOYMENT OPPORTUNITY TRAINING PROGRAM**

A.     Within thirty days after the date of entry of this Decree, the parties shall agree upon an individual to serve as Equal Employment Opportunity ("EEO") Trainer who shall conduct annual EEO training seminars for employees in the HCSD. The EEO Trainer shall have no prior connection with the HCSD. Defendants shall compensate the EEO Trainer at his or her customary rate.

B.     Each training seminar shall be no less than two hours of instruction and shall include at least the following components:

　　　i.     the general injunctive provisions of this Decree;

　　　ii.    what acts constitute sex discrimination and retaliation;

　　　iii.   federal and state laws applicable to the Sheriff, and HCSD rules and regulations concerning sex discrimination and retaliation;

　　　iv.    the Sheriff's responsibilities for preventing and remedying acts of sex discrimination and retaliation;

　　　v.     supervisors' responsibilities for reporting and preventing acts of sex discrimination and retaliation;

　　　vi.    appropriate disciplinary action to be taken against employees who commit acts of sex discrimination and/or retaliation, or who allow such acts to occur in the workplace; and

　　　vii.   how and to whom an individual may file a complaint concerning sex discrimination and/or retaliation.

C.     The first training seminar shall be conducted within three months of the date of entry of this Decree. After the first seminar, training seminars shall be held in September 2010 and May 2011.

D.     The Sheriff shall require all employees in the HCSD to attend the training seminars. A registry of attendance for each training seminar shall be taken and retained by the Sheriff for the duration of this Decree, and shall be provided to the United States together with a list of all personnel employed in the HCSD.

E. The Sheriff shall give the United States at least fourteen days notice of the time and location of each training session. The United States, in its discretion, may designate an attorney or other representative employed by the United States to attend one or more of the training seminars described above.

F. If any disagreement arises between any of the defendants and the EEO Trainer regarding any work the EEO Trainer believes is necessary to fulfill the purposes of this Decree, the EEO Trainer or that defendant or defendants shall notify the United States of such disagreement. If any of the parties are unable to resolve their disagreement, any party may submit the matter to the Court pursuant to the dispute resolution mechanism of Part XI of this Decree.

V. **EQUAL EMPLOYMENT OPPORTUNITY MONITOR**

A. Within thirty days of the date of entry of this Decree, the parties shall agree upon an individual to serve as EEO Monitor, who shall have the power to effectuate the purposes of this Decree. The individual appointed to the EEO Monitor position shall have no prior connection with any of defendants or the HCSD. Defendants shall compensate the EEO Monitor at his or her customary rate and pay all costs necessary to fulfill the work of the EEO Monitor.

B. For the duration of this Decree, the EEO Monitor shall:

    i. evaluate on a continuing basis, report on, and make recommendations for improving the Sheriff's effectiveness in preventing sex discrimination and retaliation against female employees in the HCSD;

    ii. investigate complaints submitted by employees in the HCSD concerning sex discrimination and/or retaliation against female employees in the HCSD in accordance with the procedures referenced below at Part VII; and

    iii. report to the Sheriff and the United States the findings of any investigation of a complaint of sex discrimination and/or retaliation, and recommended remedial action, if warranted.

C. Within seven days after the appointment of the EEO Monitor, the Sheriff shall notify all employees in the HCSD in writing, and by posting in a prominent and conspicuous

location at the office of the HCSD and at any additional or subsequent location used by employees in the HCSD, of:

    i. the existence and appointment of the EEO Monitor;

    ii. the name, address and telephone number of the EEO Monitor;

    iii. the EEO Monitor's duties;

    iv. the availability of a copy of this Decree; and

    v. an employee's right to contact the EEO Monitor directly and in as confidential a manner as possible to discuss concerns or to file a complaint with the EEO Monitor relating to acts of alleged sex discrimination and/or retaliation in the HCSD.

D. The Sheriff shall provide employees in the HCSD hired while this Decree is in effect with the written notice described in this section on or prior to their first day of work. The Sheriff shall require each current and future employee in the HCSD to sign an acknowledgment of receipt of the written notice described in this section, and shall retain those signed acknowledgments of receipt throughout the life of this Decree.

E. The work of the EEO Monitor shall continue for at least the full term of this Decree. In the event that the person first appointed as the EEO Monitor is unable or unwilling to serve as EEO Monitor for the full term of the Decree, defendants and the United States shall agree upon another individual to serve as EEO Monitor. If defendants and the United States are unable to agree upon the individual to be the EEO Monitor, it shall be handled through the dispute resolution mechanism set forth in Part XI of this Decree.

F. If the EEO Monitor is not appointed as the EEO Trainer, defendants shall pay for the EEO Monitor to appear at each EEO training seminar held pursuant to this Decree where the EEO Monitor will introduce himself or herself and describe his or her duties to the persons required to attend those training seminars.

G. If any disagreement arises between any of defendants and the EEO Monitor regarding any work the EEO Monitor believes is necessary to fulfill the purposes of this Decree or regarding payment to the EEO Monitor, the EEO Monitor or that defendant or defendants shall notify the United States of such disagreement. If any of the parties are unable to resolve their

disagreement, any party may submit the matter to the Court pursuant to the dispute resolution mechanism of Part XI of this Decree.

VI. THE EEO MONITOR'S CONTINUING EVALUATION OF THE SHERIFF'S EFFECTIVENESS IN PREVENTING SEX DISCRIMINATION AND RETALIATION IN THE HCSD

A. For the duration of the Decree, the EEO Monitor shall be responsible for reviewing and evaluating on a continuing basis all policies and practices of the Sheriff relating to the Sheriff's effectiveness in preventing sex discrimination and retaliation against female employees in the HCSD. During this time the EEO Monitor shall recommend any modifications that he/she believes necessary to effectuate these policies and practices. The EEO Monitor shall put the recommendations in writing and provide copies to both the Sheriff and the United States. The Sheriff shall implement each recommendation of the EEO Monitor unless, within thirty days after receiving the recommendation, the Sheriff files an objection with the United States that the EEO Monitor's recommendation, in whole or in part, involves the application of unsound business judgment or is otherwise not feasible. If the United States disagrees with the Sheriff's objection, and these parties are unable to resolve their disagreement, either party may submit the matter to the Court pursuant to the dispute resolution mechanism of Part XI of this Decree. If the United States disagrees in any respect with the EEO Monitor's evaluation or recommendations, the United States, the Sheriff, and the EEO Monitor shall meet to attempt to resolve the disagreement. If the United States and the Sheriff disagree with each other and are unable to resolve their disagreement, either of these parties may submit the matter to the Court pursuant to the dispute resolution mechanism of Part XI of this Decree.

B. At the end of June 2010 and in a final report to be submitted at least 45 days before the dissolution of this Decree, the EEO Monitor shall submit a report to the United States and defendants setting forth the following information:

    i. an evaluation of the Sheriff's effectiveness in preventing sex discrimination and retaliation against female employees in the HCSD;

    ii. recommendations for any modifications to existing policies or practices to facilitate the prevention of sex discrimination and retaliation against female employees in the HCSD; and

      iii.    timetables for implementation of these modifications.

  C.    The Sheriff shall cooperate fully with the EEO Monitor in connection with his or her efforts to evaluate on a continuing basis the Sheriff's effectiveness in preventing sex discrimination and retaliation in the HCSD. The Sheriff shall provide the EEO Monitor reasonable access to all relevant documents and other sources of information. In connection with his or her evaluation efforts, the EEO Monitor also shall be allowed to interview and otherwise seek the cooperation of employees in the HCSD. Such cooperation shall be treated by the Sheriff as a work-related activity for purposes of employee compensation. If any dispute arises between the Sheriff and the EEO Monitor regarding any work or access to HCSD documents or employees that the EEO Monitor believes is necessary to fulfill the EEO Monitor's obligations under this Decree, the EEO Monitor or the Sheriff shall notify the United States of such disagreement. If the United States disagrees with the Sheriff and these parties are unable to resolve their disagreement, either of these parties may submit the matter to the Court pursuant to the dispute resolution mechanism of Part XI of this Decree.

## VII.  PROCEDURE FOR HANDLING COMPLAINTS OF SEX DISCRIMINATION AND RETALIATION FILED WITH THE EEO MONITOR BY EMPLOYEES IN THE HCSD

  A.    Complaints

      i.    The following complaints shall be considered EEO complaints and shall be investigated by the EEO Monitor as provided for in this Decree:

          a.    complaints filed by female employees in the HCSD alleging that they have been subjected to acts of sex discrimination and/or retaliation; and

          b.    complaints that supervisors in the HCSD have failed to report acts of sex discrimination and/or retaliation against female employees in the HCSD of which they were aware, or have failed to prevent such conduct from occurring.

      ii.    EEO complaints may be filed with the following persons: (1) the EEO Monitor appointed pursuant to this Decree (2) the Sheriff and (3) any other supervisor in the HCSD. Complainants do not need not file such

          complaints with their supervisors, nor do they need to go through the HCSD's chain of command to file such complaints.

iii. An EEO complaint may be made either orally or in writing. If an oral complaint is made, the complainant shall be asked to reduce his or her complaint to writing. A written complaint does not need to be notarized. A complainant's failure to file an EEO complaint or a complainant's failure to reduce such complaint to writing will not discharge the Sheriff of his duty to ensure that conduct that constitutes sex discrimination and/or retaliation is investigated by the EEO Monitor and it will not discharge the Sheriff of his duty to remedy, take disciplinary action on, and prevent from occurring in the future acts of sex discrimination and/or retaliation.

iv. The filing of an EEO complaint shall not be construed as a waiver of the right to file a charge with the Indiana Civil Rights Commission or the Equal Employment Opportunity Commission.

v. The EEO Monitor promptly shall provide the person who files an EEO complaint a copy of any applicable policy or policies addressing sex discrimination and retaliation and a copy of this Decree,

vi. The EEO Monitor promptly shall inform the complainant in writing:
    a. that his/her complaint will be investigated by the EEO Monitor as provided for in this Decree;
    b. of the address and telephone number at which the EEO Monitor may be contacted; and
    c. of his/her right to contact the EEO Monitor directly.

vii. If the Sheriff or any supervisor in the HCSD receives an EEO complaint or otherwise becomes aware of an allegation of sex discrimination and/or retaliation against an employee in the HCSD, the Sheriff or supervisor shall forward the EEO complaint or allegation to the EEO Monitor as soon as practicable and, in any event, no later than the close of business of the next business day after receiving such complaint or becoming aware of

such allegation. If a supervisor in the HCSD fails to comply with the procedures set forth in this paragraph, he or she shall be subject to appropriate disciplinary action.

B.  Investigation of EEO Complaints

  i.  The EEO Monitor shall investigate EEO complaints that are made after the date of entry of this Decree and during the Decree's existence.

  ii. All persons contacted in the course of the investigation of EEO complaints shall be informed that retaliation is illegal. If, during the course of the investigation of such a complaint, the complainant or any witness complains of retaliation, the EEO Monitor, upon verification of the retaliation, shall recommend, and the Sheriff shall implement, as appropriate, interim relief to protect the complainant and the witness.

C.  Determinations Regarding EEO Complaints

  i.  EEO complaints shall be investigated promptly and in as confidential a manner as possible.

  ii. As soon as practicable but no event later than thirty (30) days from the date of receipt of a complaint by the EEO Monitor, the EEO Monitor shall complete a Determination and Recommendation that shall include findings of fact based on the investigation and shall include, if appropriate, a recommendation for relief for the complainant and/or discipline for the accused.

  iii. The Determination and Recommendation shall be presented to the United States, the Sheriff, the complainant, and the accused within forty-five (45) days of the filing of the EEO complaint. If, under exceptional circumstances, a Determination and Recommendation cannot be issued in this time period, the United States shall be notified promptly in writing by the EEO Monitor and given an explanation of the reasons for the delay.

  iv. If the United States or Sheriff, disagrees with the Determination and Recommendation, the United States, the Sheriff and the EEO Monitor

shall confer and attempt to resolve the disagreement. If the United States and the Sheriff disagree with each other and are unable to resolve their disagreement, either of these parties may submit the matter to the Court pursuant to the dispute resolution mechanism of Section XI of this Decree.

    v.    If the EEO Monitor recommends in the Determination and Recommendation a remedy that does not concern disciplining the accused (such as relief for the complainant or a change in policy) and the Sheriff accepts the recommendation, the Sheriff shall implement the remedy as soon as practicable and in no event later than forty-five (45) days of receipt of the Determination and Recommendation from the EEO Monitor.

  D.    Performance of the EEO Monitor

    i.    The performance of the EEO Monitor, and his or her work product, including investigatory notes and any tape-recordings, shall be subject to review by the United States and defendants.

    ii.    If the United States or any of defendants have reason to believe that there is a problem with the performance of the EEO Monitor, that party shall inform the others of its concerns. If the United States and any of defendants disagree, and they are unable to resolve their disagreement, either disagreeing party may submit the issue to the Court pursuant to the dispute resolution mechanism of Section XI of this Decree.

## VIII. RECORD-KEEPING, REPORTING AND MONITORING

  A.    Semi-Annual Reports

    i.    For purposes of this Decree, a reporting period shall run from January 1 through June 30 and from July 1 through December 31 for each year. Within thirty days after the close of each reporting period, the Sheriff shall provide to the United States the following information:

        a.    the name, sex, position, shift, home address and phone number of all employees in the HCSD as of the date of the close of the reporting period;

   b. the name, sex, position, shift, home address and phone number of all employees in the HCSD who resigned or were terminated during the reporting period; and

   c. the names, sex, home address and phone number of all persons applying for hire or promotion in the HCSD during the reporting period.

B. Retention of Documents

  i. The Sheriff shall retain during the life of this Decree all records that come into the Sheriff's possession relating to complaints of sex discrimination and/or retaliation against female employees in the HCSD filed against the Sheriff, the HCSD, or any employee in the HCSD.

  ii. The Sheriff shall retain all records (including electronic records) that come into the Sheriff's possession relating to:

   a. documents relating to the training programs to be established under this Decree;

   b. performance evaluations and records of any kind showing the performance of employees in the HCSD;

   c. records relating to discipline, demotion and discharge of employees in the HCSD.

  iii. The Sheriff shall retain during the life of this Decree all documents relating to the implementation of the Decree by the Sheriff and all records pertaining to information and documents that are the subject of the reports required of the Sheriff by this Decree. The Sheriff shall make those records and all other documents relevant to the Sheriff's compliance with and implementation of this Decree available for inspection and copying, within thirty days of any written request sent by the United States to the Sheriff's attorney.

iv. All documents required to be delivered under this Decree to the United States shall be sent to the following address:

> Chief, Employment Litigation Section,
> Civil Rights Division -PHB 4040
> U. S. Department of Justice,
> 950 Pennsylvania Avenue NW
> Washington, D. C. 20530

## IX. ATTORNEY'S FEES AND COSTS

A. The United States and defendants shall bear their own costs, expenses, and attorneys' fees in this action, except that the parties shall retain the right to seek costs for any matter which, in the future, may arise from this Decree and require resolution by the Court.

B. Defendants agree to pay all costs associated with the implementation and administration of this Decree, except as is specifically provided otherwise in this Decree.

## X. POSTING REQUIREMENTS

A. Within seven days of the date of the appointment of the EEO Monitor, the Sheriff shall issue to every employee in the HCSD including every such employee with management responsibility, a copy of this Decree. Within seven days of the date of entry of this Decree, the Sheriff shall post copies of this Decree on the public bulletin board in the HCSD and at a prominent and conspicuous location at the HCSD office and at all additional or subsequent locations that may be used by the Sheriff during the life of this Decree. The Sheriff shall make copies of the Decree available to employees in the HCSD upon their request.

## XI. DISPUTE RESOLUTION

A. The parties shall attempt to resolve informally any dispute that arises under this Decree. If the parties are unable to resolve the dispute expeditiously, any party may move the Court for resolution of the issue, provided that written notice has been provided to the other parties.

B. With respect to the right of the United States to enforce or to monitor compliance with this Decree, the Federal Rules of Civil Procedure relating to discovery shall apply to the parties without further order of the Court. Before seeking discovery under the Federal Rules of Civil Procedure to enforce or monitor compliance with the Decree, the United States shall confer

with defendants and attempt to informally resolve the discovery request.

XII. **JURISDICTION OF THE COURT**

    A.    This Court shall retain jurisdiction of the matters covered by this Decree for the life of the Decree for such action as may be necessary or appropriate to effectuate the purposes of this Decree. This Decree shall terminate without any further order of this Court at the end of two years from the date of its approval and entry by this Court. At least thirty days before the termination of this Decree, the United States may move to extend the term of this Decree upon a showing of good cause. Should the United States file a motion to extend the Decree, this Decree shall remain in effect until final resolution of the motion.

    B.    This Decree does not create any rights in third parties. Only the United States or defendants may seek to enforce the provisions of this Decree.

XIII. **MODIFICATION OF DECREE**

    A.    At any time during the pendency of this Decree, the parties may mutually agree to modify any provision of this Decree, subject to approval by the Court. Should modification be desired by a party but opposed by another party, any party may submit the matter to the Court pursuant to the dispute resolution mechanism of this Decree, and the Court shall determine whether there is good cause to modify the Decree. If so, the Court shall enter an order modifying the Decree accordingly.

Entered this 16th day of  June , 2009

*/s/ David F. Hamilton*
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

LORETTA KING
Acting Assistant Attorney General

*/s/ John M. Gadzichowski*
JOHN M. GADZICHOWSKI
Chief, Employment Litigation Section

*/s/ Jay D. Adelstein*
JAY D. ADELSTEIN
Senior Trial Attorney
U.S. Department of Justice
Civil Rights Division
Employment Litigation Section
950 Pennsylvania Avenue, NW
Patrick Henry Building, Room 4026
Washington, DC 20530

Counsel for Plaintiff United States of America

*/s/ Elizabeth A. Knight*
Elizabeth A. Knight, Esq.
KNIGHT, HOPPE, KURNIK &
KNIGHT, LTD.
5600 N. River Road, Suite 600
Rosemont, IL 60018

Counsel for Defendant G. Michael Deatrick in his official capacity as Sheriff of Harrison County, Indiana

*/s/ Edward J. Liptak*
Edward J. Liptak, Esq.
Jeremy M. Dilts, Esq.
CARSON BOXBERGER LLP
3100 John Hinkle Place, Suite 106
Bloomington, IN 47408

Counsel for Defendants Harrison County Board of Commissioners and Harrison County Council

**EXHIBIT A**

## RELEASE OF DEANA DECKER

State of Indiana

Harrison County

      I, Deana Decker, for and in consideration of accepting the relief to be provided to me pursuant to the provisions of the Consent Decree entered in *United States v. George Michael Deatrick, Sheriff of Harrison County, Indiana (in his official capacity), et al.,* and *Decker and Graham v. George Michael Deatrick, et al.,* release and discharge George Michael Deatrick, Sheriff of Harrison County, Indiana (in his official capacity), the Harrison County Board of Commissioners, the Harrison County Council and their current, former and future officials, employees and agents from all legal and equitable claims arising out of the complaints filed in these cases and EEOC Charges Nos. 474-2008-00971 and 474-2008-01029 occurring prior to the date of this Release.

      I understand that the relief to be given to me does not constitute an admission by any of the Defendants of the validity of any claim raised by me, or on my behalf.

      This Release constitutes the entire agreement between Defendants and myself in connection with this case, without exception or exclusion.

      I acknowledge that a copy of the Consent Decree in this action was provided to me.

      I HAVE READ THIS RELEASE AND UNDERSTAND THE CONTENTS THEREOF AND I EXECUTE THIS RELEASE OF MY OWN FREE ACT AND DEED.

Signed this ___ day of _____ 2009.

_____
Deana Decker

Social Security Number: _____

Subscribed and sworn to before me this ___ day of _____, 2009.

_____
Notary Public

My Commission expires: _____

**EXHIBIT B**

## RELEASE OF MELISSA GRAHAM

State of Indiana

Harrison County

I, Melissa Graham, for and in consideration of accepting the relief to be provided to me pursuant to the provisions of the Consent Decree entered in *United States v. George Michael Deatrick, Sheriff of Harrison County, Indiana (in his official capacity), et al.,* and *Decker and Graham v. George Michael Deatrick, et al.*, release and discharge George Michael Deatrick, Sheriff of Harrison County, Indiana (in his official capacity), the Harrison County Board of Commissioners, the Harrison County Council and their current, former and future officials, employees and agents from all legal and equitable claims arising out of the complaints filed in these cases and EEOC Charges Nos. 474-2008-00971 and 474-2008-01029 occurring prior to the date of this Release.

I understand that the relief to be given to me does not constitute an admission by any of the Defendants of the validity of any claim raised by me, or on my behalf.

This Release constitutes the entire agreement between Defendants and myself in connection with this case, without exception or exclusion.

I acknowledge that a copy of the Consent Decree in this action was provided to me.

I HAVE READ THIS RELEASE AND UNDERSTAND THE CONTENTS THEREOF AND I EXECUTE THIS RELEASE OF MY OWN FREE ACT AND DEED.

Signed this ___ day of _____ 2009.

_____
Deana Decker

Social Security Number: _____

Subscribed and sworn to before me this ____ day of _____, 2009.

_____
Notary Public

My Commission expires: _____